**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HELEN I. LEVINSON | ) | Bankruptcy No. 19-31961 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**NOTICE OF HEARING**

**To:**  Helen I Levinson, 220 Dobson Street, Skokie, Illinois 60077
Richard N. Golding, The Golding Law Offices, P.C., The Boyce Building, 500 N. Dearborn Street, Second Floor, Chicago, IL 60654*
Patrick S. Layng, Office of the United States Trustee, 219 South Dearborn Street, Suite 873, Chicago, IL 60604*

PLEASE TAKE NOTICE that on **Wednesday, March 18, 2020, at 10:00 a.m.**, we will appear before the Honorable Timothy A. Barnes or such other Judge as may be presiding in that Judge's stead, in Courtroom 744, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS IN WEDDING AND ENGAGEMENT RINGS**, a copy of which is attached hereto and served upon you herewith.

Date: March 6, 2020.          By: /s/ David P. Leibowitz
                                              Not individually, but as the Chapter 7 Trustee of the
                                              Debtor's Estate

**CERTIFICATE OF SERVICE**

On March 6, 2020, the undersigned certifies that on this date, he caused a copy of the above notice and the document referred to therein to be served upon each person shown on the service list above by United States Mail, with postage prepaid, at Chicago, Illinois.  Those marked with an * were served via Court's ECF System.

            /s/ *David P. Leibowitz*

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, IL 60604
312.662.5750
dleibowitz@lodpl.com

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HELEN I. LEVINSON | ) | Bankruptcy No. 19-31961 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

## OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS IN WEDDING AND ENGAGEMENT RINGS

David P. Leibowitz ("Trustee"), not individually, but as the chapter 7 trustee of the bankruptcy estate of Helen I. Levinson ("Debtor"), hereby submits this Objection to her claimed exemptions, as set forth below. In support of this Objection, the Trustee states the following:

### JURISDICTION

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

### FACTUAL AND PROCEDURAL BACKGROUND

4. Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 8, 2019 ("Petition Date").

5. David P. Leibowitz is the duly appointed, qualified, and acting chapter 7 trustee in this case.

6. On the Petition Date, Debtor filed her Schedule A/B and Schedule C. As relevant herein, the Debtor listed ownership of: "Costume jewelry, rings, necklaces earrings. Engagement and wedding ring." She listed the value of these items at $7,500.00 and exempted them in the amount of $4,000 pursuant to the wild card exemption of 735 ILCS 5/12-1001(b). (Docket no. 1 at pages 12 and 16).

7. The Trustee has taken possession of only the Debtor's diamond engagement ring, approximately 2 carats, set in white gold.

8. The Trustee's jeweler has valued the ring at approximately $7,500.

9. On February 6, 2020, Debtor amended Schedules A/B and C (Docket no. 19), at which time the Debtor listed the following items of jewelry:

   a. "Costume jewelry: rings, necklaces, earrings, bracelets, watch." Value "unknown"

   b. "Wedding ring. Valuation provided by Trustee." $1000

   c. "Engagement ring. Valuation provided by Trustee." $7,500.00

   d. "Apple watch." Value "unknown"

10. Debtor now claims that the wedding ring and engagement ring are fully exempt, checking the box "100% of fair market value, up to any applicable statutory limit" pursuant to 735 ILCS 5/12-1001(a) and also (as to the engagement ring) 735 ILCS 5/12-1001(b).

11. The Trustee objects to the claimed exemptions to the extent that: (a) the Debtor asserts a wild card exemption in excess of $4,000 and (b) the Debtor asserts an exemption in the wedding ring and engagement ring pursuant to 735 ILCS 5/12-1001(a), inasmuch as a wedding ring and a 2 carat diamond engagement ring are not "necessary wearing apparel" within the meaning of Illinois law.

### REQUESTED RELIEF

12. The Trustee requests that the Court enter an order: (a) disallowing the claimed exemptions under 735 ILCS 5/12-1001(a) applied to the rings, as set forth above; (b) disallowing the claimed wild card exemption pursuant to the check-box of "100% of fair market value up to any applicable statutory limit" to the extent that it seeks to exempt any amount in excess of $4,000; and (c) requiring Debtor to file an amended schedule of property claimed as exempt within 14 days after the entry of an order on this objection.

### BASIS FOR REQUESTED RELIEF

13. To determine whether to object to a debtor's list of exemptions, a chapter 7 trustee need only evaluate "the description of the [asset]... in which [the Debtor]... claimed the exempt interest[s]; the Code provisions governing the claimed exemptions; and the amounts [the Debtor] ... listed in the column [on Schedule C] titled "value of claimed exemption." *Schwab v. Reilly*, 130 S. Ct. 2652, 2663 (2010).

14. Upon the timely objection of the Trustee, it is appropriate for the Court to disallow any claim of exemption which is unauthorized by applicable law.

15. While a wedding ring or an engagement ring may be considered "wearing apparel" (though the official schedule A/B lists "wedding rings" and "engagement rings" as examples of "jewelry," rather than "clothes"), neither a wedding ring nor a diamond engagement ring constitutes "necessary wearing apparel."

16. For wearing apparel to be "necessary," that wearing apparel must be a requirement for a Debtor's future objective well-being. [1]

---

[1] Though "necessary" is subject to a few definitions, the operative one now means "being essential, indispensable, or requisite," https://www.dictionary.com/browse/necessary?s=t, accessed 3/5/2020, or "absolutely needed, required," https://www.merriam-webster.com/dictionary/necessary, accessed 3/5/2020.

17. As the legislature exempted "necessary" wearing apparel, but not all wearing apparel, it naturally follows that certain wearing apparel would not be "necessary." (*See also In re Robinson*, 811 F.3d 267 (7th Cir. 2016) at fn. 10: "[T]here also is no merit to the argument that the term 'necessary' applies to all of the terms in subsection (a) as opposed to simply 'wearing apparel.' Although 'necessary' certainly could be applied to the terms 'wearing apparel,' 'bible,' and 'school books,' it would be difficult to say that any 'family pictures' could be considered a necessity.")

18. It does not appear that Helen Levinson wears her diamond engagement ring, or even her diamond wedding ring, on a daily basis. She did not wear them at the 341 meeting of creditors.

19. This distinguishes the matter at hand from *In re: Deacon*, 27 F.Supp.296 (S.D. IL, 1939), in which, on review of the findings of a referee in bankruptcy, the District Court found "necessary wearing apparel" to include a watch, consistory ring, and diamond shirt stud; in *Deacon*, the bankrupt individual wore them "upon [his person] from the date of their purchase to date of bankruptcy."

20. The Court's decision in *In re Medina*, Case No. 17-18090 (Bankr. N.D.Ill. November 20, 2017) (Judge Schmetterer), should not be followed. After effectively articulating the respective parties' positions, the Court in *Medina* caromed through history to observe that wedding rings are well-known and more-or-less customary, and asserted, without citation, that "the debtor is entitled to participate in and publicly demonstrate her participation in a custom so commonly associated with matrimony."

21. The *Medina* court declined to engage, whatsoever, with the significance of the word "necessary." (The Court's observation, *en passant*, that Donald Trump did not wear a wedding

ring on the campaign trail actually suggests that wedding rings are not, of course, necessary wearing apparel.) A wedding ring is not essential, indispensable, requisite, absolutely needed, or required for anybody; no matter the strength of the love binding two people, a little gold circle around the finger is not necessary for that love, under any stretch of the imagination.

22.     While a marriage is not entered into lightly, it is implausible that the Illinois General Assembly would intend to give a debtor the opportunity to shield limitless assets from creditors, potentially measuring into the tens of thousands of dollars, by allowing an exemption in "necessary wearing apparel."

23.     Just as the Seventh Circuit agrees that the plain wording of 735 ILCS 5/12-1001(a) limits the exemption in a religious text to "*one* 'bible'," *Robinson*, 811 F.3d at 270, so too must the plain wording of the statute only exempt "necessary" wearing apparel.

24.     In addition, the purported "100% fair market value exemption" claimed by Debtor under the wild card is improper. The Illinois Compiled Statutes explicitly place a dollar limit of $4,000 for the wild card exemption.

25.     The Court should determine that neither the engagement ring nor the wedding ring constitutes "necessary wearing apparel" within the purview of the Illinois statute and disallow the exemption claimed thereunder, as well as any wild card exemption in excess of $4,000.

**NOTICE**

26.     Notice of this Objection and the hearing on this Objection was provided to the Debtor, her counsel, the Office of the United States Trustee, and all parties that have requested or receive notice through CM/ECF.  In light of the nature of the relief requested, the Trustee requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, the Trustee requests that the Court enter an order:

(a) Sustaining his objection to the 735 ILCS 5/12-1001(a) exemption as applied to the "wedding ring" and the "engagement ring;"

(b) Limiting Debtor's wild card exemption to $4,000;

(b) Requiring the Debtor to file an amended schedule of property claimed as exempt within 14 days after the entry of an order on this objection; and

(c) Granting such further relief that the Court deems just and proper.

Respectfully submitted,

/s/ *David P. Leibowitz*
Not individually, but as the Chapter 7 Trustee of the Debtor' Estate

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, IL 60604
312.662.5750
dleibowitz@lodp.com